AUGUSTUS TORREY & others *vs.* STEPHEN BAKER & others.

Under articles of a voluntary association providing that, if any member should be reduced in circumstances by fire, the society should consider his case and grant him such relief from its funds as should appear just and reasonable, and extending the same privilege and advantage to the widows of deceased members, no member has any vested right in the funds of the society.

A subsequent provision, unanimously adopted and assented to, that no alteration or addition should be made to the articles of association except at the annual meeting in January, or at that meeting unless two thirds of the members present agree thereto, by

necessary implication admits of the adoption by the society of a rule for the disposition of its funds wholly different from that which before existed. But such change can only be made in the manner prescribed; and a vote to make a different disposition of the funds at such meeting, by a vote of less than two thirds of the members present, is invalid, although after the meeting is over enough other members to make up the requisite number request in writing to be allowed to record their votes in the affirmative.

BILL IN EQUITY. The bill set forth that the plaintiffs and defendants are members of an association called the Union Fire Company, formed in Beverly in 1804, under which a fund was established for the purpose of relieving such of the members thereof as might be reduced in circumstances by fire ; that one of the articles of association provided that if any member should be reduced in circumstances by fire, the society should take his case into consideration and grant him such relief from the funds of the society as to them should appear just and reasonable, and in case of the death of any one of the society his widow, if any such there should be, should be entitled to the same assistance as a member; that in said articles there were no other provisions for the appropriation of the funds of the association except for its expenses, &c., but not for any distribution thereof; that the funds of the society now amounted to over $3000 ; that some of the members thereof have died, leaving widows and legal representatives now living; that at a meeting held January 24 1859, a vote was passed, by eighteen in the affirmative against eleven in the negative, to divide said funds equally among the present members and the widows of deceased members ; that the defendants were appointed a board of trustees to carry said vote into effect, and have accordingly taken possession of the books, papers, and funds of the society for that purpose. The prayer was for an injunction to restrain such distribution.

The answer admitted all the facts set forth in the bill, but averred in addition that the original members of the society are now all dead ; that there was never any call for relief upon the association under the provisions of its articles ; that the funds now on hand arise solely from the accumulation of voluntary assessments upon the members, received by the treasurer before 1812; that in 1842 the association had become materially

changed as to its members, many having ceased to belong to it
and others having been admitted in their places; that at a reg-
ular meeting in 1842 a new series of by-laws and articles was
adopted, and signed by all the members, including the plain-
tiffs; that one of the articles contained a provision that no
alteration or addition should be made to them except at the
annual meeting in January, or at that meeting unless two thirds
of the society present should agree thereto; that, by the adop-
tion of the new articles, the rights of members were materially
modified; that neither the widows nor the legal representatives
of deceased members have any vested interest in the funds; and
that, after the vote of January 24 1859, four other members of
the society presented a written request to be allowed to record
their votes in favor of the distribution of the funds, according
to said vote.

Upon a hearing in this court, *Hoar*, J., found the facts stated
in the answer to be true, and that no members of the association
before the year 1811, or any widows of such members, are now
living; and reserved the case for the decision of the whole
court.

*I. Story*, for the plaintiffs.

*S. B. Ives, Jr.* for the defendants.

MERRICK, J.    All the parties to this suit are members of the
" Union Fire Society in Beverly."    As it is a voluntary asso-
ciation, the property belonging to it is in the joint ownership of
its members.    They have consequently a right to manage, con-
trol and dispose of it at their pleasure; but this power must be
exercised subject to the provisions and stipulations of the con-
tract or agreement under which it is held.    These are to be
found in the articles of their constitution, to which each member
of the society has individually assented.    The constitution has
been from time to time changed since it was originally adopted,
but in a manner apparently satisfactory to all parties, and to which
no objection is suggested.    The articles which were adopted in
1842 are those which are now in force.    By one of them it is
provided that if any member shall be reduced in his circum-
stances by fire, the society shall consider his case, and grant

him such relief from its funds " as to them," that is, to its members, " shall appear just and reasonable." And the like privilege and advantage is also extended to the widows of deceased members. Under this provision, it belongs exclusively to the society to determine, in the first instance, whether any case has arisen for its interposition, that is, whether any member has in fact been reduced in his circumstances by fire; and secondly what shall be the amount of relief which in such case shall be afforded to him. This is an exercise of the discretionary power of the members over the property belonging to the society, within the express right reserved to them in relation to the disposition of it. No provision is made for perpetuating the existence of the society beyond the will of its members for the time being, nor as to the appropriation of its funds in the event of its dissolution. But, by necessary implication from the provisions of article 14th of the constitution, alterations or additions to the articles may be made at the annual meeting of the society in the month of January, by the vote of two thirds of the members then present. This article respecting alterations and amendments admits of the adoption by the society of any rule for the disposition of its property wholly different from that which before existed; and consequently it allows that provision be made, in the manner prescribed, for the equal distribution of it among all its members and widows of deceased members, instead of appropriating the whole or part of it for the relief of those individuals who may have been suffering from a particular calamity. But until such alteration is made at the annual meeting of the society in the month of January, by a vote of two thirds of the members then present, the appropriation of its property is restrained, by the provisions of article 11th, to the relief of members and widows of members who suffer losses by fire. The vote which was passed at the meeting in January 1859, though not upon a direct proposition to alter the articles of the constitution upon the subject, amounted, in substance, to the same thing and might possibly have been construed as making, by necessary implication, an alteration according to the terms of the vote. But it was not adopted by a two thirds vote of the mem-

bers present at the meeting; and therefore was ineffectual to change the existing provision in the constitution of the society, or to authorize the distribution of its property in the manner proposed. The votes of the four persons who were not present at the meeting, but who afterwards presented a written request to be allowed to record their votes, could not be counted upon the question of the adoption of the vote of the society for the distribution of its effects. By the articles of the association, the right of determining upon changes and alterations is confined exclusively to the persons actually in attendance and present at the annual meeting.

It follows from these considerations that under the vote passed at the January meeting, by a number of ballots less than two thirds of the members then present, the property of the society cannot be divided and distributed to the persons and in the manner and proportions proposed in it, and consequently that the temporary injunction heretofore granted must be made perpetual. But this is to be without prejudice to the rights of the members, at a future annual meeting, to pass votes by the prescribed majority, adapted properly to carry the wishes of the society into effect. The most regular way certainly would be, first, to alter the article in the constitution in such manner as to admit of a distribution of all the property of the society according to the will of the society; and afterwards to pass suitable votes to carry such will into effect. As the object of the present bill and proceedings under it is to protect the rights of all the members, and is equally for the benefit of the complainants and respondents, the injunction heretofore granted as prayed for will be made perpetual, but no costs allowed to either party.